```
              IN THE UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF TEXAS

                        BEAUMONT DIVISION
```

MARCELINO HERNANDEZ              §

VS.                              §    CIVIL ACTION NO. 1:06cv109

OWEN MURRAY, ET AL               §

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Marcelino Hernandez, an inmate confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials, including Dr. Lacy and Mr. Cowden. Defendants Lacy and Cowden are employed at the Neal Unit, where plaintiff was formerly incarcerated.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The Neal Unit is located in Potter County, Texas. As the actions taken by defendants Lacy and Cowden were taken at the Neal

Unit, plaintiff's claims against such defendants arose in Potter County. Pursuant to 28 U.S.C. § 124, Potter County is located in the Amarillo Division of the Northern District of Texas. As a result, venue concerning the claims against such defendants is not proper in this court.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, plaintiff's claims against defendants Lacy and Cowden will be severed and transferred to the Amarillo Division of the United States District Court for the Northern District of Texas. An Order of Severance and Partial Transfer shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this   2   day of   March  , 2006.

                    KEITH F. GIBLIN
                    UNITED STATES MAGISTRATE JUDGE